NO. 07-05-0059-CR
NO. 07-05-0064-CR
NO. 07-05-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 22, 2005
_____

MICHAEL EDWARD KILPATRICK,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 22nd DISTRICT COURT OF HAYS COUNTY;

NOS. CR-04-570, CR-03-711, CR-04-528; HON. RON CARR, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Michael Edward Kilpatrick (appellant) appeals his convictions for criminal solicitation of a minor, attempted sexual performance by a child, and attempted aggravated sexual assault. The clerk's records were filed on January 13, 2005, and the reporter's records were filed on February 22 and 28, 2005. Thus, appellant's brief in each case was due March 30, 2005. That date passed without appellant filing briefs, however. So, on April 11,

2005, this court notified appellant that neither the briefs nor an extension of time to file briefs had been received by the court. In response, counsel for appellant filed a motion for extension of time to file the briefs, which motion was granted to May 31, 2005. No briefs or extension motion was filed by counsel before the due date. On June 9, 2005, counsel for appellant was again notified that neither the briefs nor an extension of time to file the briefs had been filed. Counsel was also admonished that if he did not respond to the court's letter by June 20, 2005, the appeals would be abated to the trial court. No response or brief has been received by the court.

Consequently, we abate these appeals and remand the causes to the 22nd District Court of Hays County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeals;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate briefs. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue these appeals, is indigent, has appointed counsel, and has been denied effective assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeals. The name, address, phone number, telefax

2

number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's records in each case to be filed with the clerk of this court on or before July 22, 2005. Should additional time be needed to perform these tasks, the trial court may request same on or before July 22, 2005.

It is so ordered.


Per Curiam

Do not publish.